IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-121-BO

| | |
|---|---|
| SOFIA ALVAREZ and GINA DEAL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| PNC BANK, NATIONAL ASSOCIATION, ) | |
| d/b/a PNC MORTGAGE *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motions to dismiss amended complaint [DE 25, 27] and plaintiffs' motion [DE 29] to refer the action to the United States Bankruptcy Court for the Eastern District of North Carolina. For the following reasons, plaintiffs' motion is GRANTED, and defendants' motions are DENIED AS MOOT.

## BACKGROUND

On June 3, 2015, defendants removed plaintiffs' state court complaint to the Eastern District of North Carolina. [DE 1]. On July 2, 2015, plaintiffs filed an amended complaint in this Court bringing seven claims against defendants. [DE 21]. Plaintiffs' claims revolve around an allegedly wrongful escrow account set up by defendant PNC Bank as part of servicing plaintiffs' mortgage. Plaintiffs allege breach of contract, negligence, and North Carolina state law violations, including breach of duty of good faith and fair dealing and unfair and deceptive trade practices among others. [DE 21]. Defendants have moved to dismiss for failure to state a claim. [DE 25, 27]. Plaintiffs have moved to refer the action to bankruptcy court due to a pending bankruptcy matter that will require resolution of how much is owed on the mortgage at issue here. [DE 29]. For the reasons discussed below, plaintiffs' motion is granted.

DISCUSSION

This Court has original jurisdiction over bankruptcy matters and those proceedings related to them. 28 U.S.C. §§ 1334(a), (b). Pursuant to 28 U.S.C. § 151, a bankruptcy court may exercise the district court's subject matter jurisdiction over bankruptcy proceedings and cases referred by the district court. The subject matter jurisdiction of bankruptcy courts is bifurcated into core and non-core proceedings. Core proceedings either arise under the Bankruptcy Code or arise in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Non-core proceedings are proceedings that are otherwise related to the bankruptcy case. *See* 28 U.S.C. § 157(a). A bankruptcy court may issue a final judgment on a core proceeding, which is subject to appellate review by a district court, but a bankruptcy court may only issue proposed findings of fact and conclusions of law in a non-core proceeding, which are subject to *de novo* review by the district court. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171–72 (2014).

A proceeding is a core proceeding "if it invokes a substantive right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). A proceeding arising under the bankruptcy code "involve[s] a cause of action created or determined by a statutory provision of title 11," while matters arising in bankruptcy proceedings are those that "would have no existence outside of bankruptcy." *Id.* at 96–97. This is a breach of contract claim that is in federal court on the basis of diversity of citizenship. None of the counts in the complaint or the defenses alleged in the answers are created by the Bankruptcy Code. This case could have been resolved in state court if not for defendants' removal to federal court. Because this action does not involve a right created by the Bankruptcy Code and could exist outside of a bankruptcy case, the Court finds that it is not a core proceeding.

2

A proceeding is related to a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor Inc. v. Higgins*, 743 F.2d 987, 994 (3d Cir. 1984) *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124–25 (1995). The Fourth Circuit adopted the *Pacor* test for determining "related to" jurisdiction in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986). If the outcome of the proceeding "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate," the district court, and derivatively the bankruptcy court, has jurisdiction. *Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255–56 (4th Cir. 1997), *cert. denied*, 522 U.S. 969 (1997).

Though this proceeding originated in state court and implicates state law, it is undeniably related to plaintiff Sofia Alvarez's bankruptcy proceeding. Deciding this matter in this Court would affect the bankruptcy proceeding, so this case may properly be referred to bankruptcy court. The biggest debt owed by Ms. Alvarez is the mortgage at issue here. Resolution of Ms. Alvarez's bankruptcy proceeding will require determining the amount owed on that mortgage, which is the same issue at the heart of the matter currently before this Court. Consequently, referring this matter to the bankruptcy court will promote judicial economy and is of practical benefit to the administration of the action.

Defendants oppose the reference to bankruptcy court on several grounds, but the Court is not persuaded. Defendants argue, correctly, that plaintiffs' claims before this Court are non-core and only related to plaintiff's bankruptcy case. This is correct. However, the Court is satisfied with the course of action for a case so situated: permitting the bankruptcy judge to make proposed findings and conclusions which will then be reviewed *de novo* by the district court.

3

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to refer this action to bankruptcy court [DE 29] is GRANTED and defendants' motions to dismiss [DE 25, 27] are DENIED AS MOOT. The case is to be referred to the Bankruptcy Court for the Eastern District of North Carolina in relation to plaintiff Gina Alvarez's pending proceeding. E.D.N.C. Case No. 15-03934-5-SWH.

SO ORDERED, this *12* day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE